IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



UNITED STATES OF AMERICA   :    1:10CR358-1

                      :

         v.             :

                      :

JUSTIN CARL MOOSE         :    PLEA AGREEMENT

NOW COME the United States of America, by and through John W. Stone, Jr., Acting United States Attorney for the Middle District of North Carolina, and the defendant, JUSTIN CARL MOOSE, in his own person and through his attorney, Walter Clinton Holton, Jr., and state as follows:

1.    The defendant, JUSTIN CARL MOOSE, is presently under Indictment in case number 1:10CR358-1, which charges him with a violation of Title 18, United States Code, Section 842(p)(2)(A) and 844(a)(2), distributing information pertaining to the manufacturing and use of an explosive.

2.    The defendant, JUSTIN CARL MOOSE, will enter a voluntary plea of guilty to the Indictment herein.  The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a.    The defendant, JUSTIN CARL MOOSE, understands that the maximum term of imprisonment provided by law for the Indictment herein is not more than twenty years, and the maximum

fine, for the Indictment, is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b.    The defendant, JUSTIN CARL MOOSE, also understands that the Court may include as a part of the sentence, as to the Indictment, a requirement that he be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c.    The defendant, JUSTIN CARL MOOSE, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

2

d. The defendant, JUSTIN CARL MOOSE, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JUSTIN CARL MOOSE, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Indictment herein, the defendant, JUSTIN CARL MOOSE, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JUSTIN CARL MOOSE, is going to plead guilty to the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is further understood that if the Court determines at the time of sentencing that the defendant, JUSTIN

3

CARL MOOSE, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, JUSTIN CARL MOOSE, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, JUSTIN CARL MOOSE, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or October 11, 1996, the defendant shall pay an assessment to the Court $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which

4

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 27 day of October, 2010.


JOHN W. STONE, JR.
Acting United States Attorney


*Walter C. Holton Jr.*
WALTER CLINTON HOLTON, JR.
Attorney for Defendant


GRAHAM T. GREEN
NCSB #22082
Assistant United States Attorney


JUSTIN CARL MOOSE
Defendant

P. O. Box 1858
Greensboro, NC  27402

336/333-5351

5